**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**ELBERT HARRIS**                                                                **PETITIONER**

**vs.**                                                **CIVIL CASE NO.:  2:12cv171-MPM-DAS**

**RAYMOND BYRD, et al.**                                                **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the pro se petition of Elbert Harris, Mississippi

prisoner # 30751, for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondents have moved

to dismiss the petition as time-barred pursuant to § 2244.  The matter is now ripe for resolution.

For the reasons set forth below, Respondents' motion is granted, and the instant petition will be

dismissed with prejudice.

### Facts and Procedural History

Petitioner was convicted of armed robbery in the Circuit Court of Coahoma County,

Mississippi, and sentenced on February 17, 1993, as an habitual offender to serve a sentence of

life without the possibility of parole.  (Resp't Mot. to Dismiss, Ex. A).  Petitioner appealed his

conviction and sentence, and the Mississippi Court of Appeals affirmed the judgment of the

circuit court on September 3, 1996.  (*Id.*, Ex. B).  According to Respondents, Petitioner did not

seek further review of his conviction and sentence in State court.  (*See id.* 2-3).  Petitioner signed

the instant petition on August 27, 2012, and it was stamped "filed" in this Court on September

10, 2012.

On October 29, 2012, Respondents filed a motion to dismiss the instant action, arguing

1

that the petition is untimely under 28 U.S.C. § 2244(d). Petitioner has not responded to the motion to dismiss.

## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Edgerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably

tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

**Analysis**

A state judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the time" to seek it. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). When a petitioner fails to seek discretionary review in State court, however, he "stops the appeal process." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In such cases, the conviction becomes final when "the time for seeking [direct] review" in state court expires. *Id*.; *see also* 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner did not seek discretionary review by filing a petition for rehearing with the Mississippi Supreme Court. As such, his conviction became final when the time expired for him to seek such review, which was September 17, 1996, fourteen days after his conviction was affirmed. *See* Miss. R. App. P. 40; *see also Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'-when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, absent statutory or equitable tolling, Petitioner's petition for federal habeas relief was due on or before September 17, 1997, to be deemed timely.

Because Petitioner did not file a "properly filed" application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) before the expiration of his federal habeas deadline, he is not entitled to a statutory tolling of the limitations period. *See* 28 U.S.C. § 2244(d)(2) (tolling the federal statute of limitations while a "properly filed" application is pending). Therefore, federal habeas relief is available to him only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period.

3

*Felder v. Johnson*, 204 F.3d 168, 170-71 (5ᵗʰ Cir. 2000) (citations omitted).

While equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights," there is no reasonable basis in the record to conclude that either circumstance is applicable to Petitioner's delay. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5ᵗʰ Cir. 2002) (citations omitted). Petitioner cites no "rare and exceptional circumstances" that would warrant equitable tolling in this instance. *Scott v. Johnston*, 227 F.3d 260, 263 n.3 (5ᵗʰ Cir. 2000).

Petitioner's federal habeas petition was "filed" sometime between when it was signed on August 27, 2012, and when it was stamped "filed" on September 10, 2012. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). Either date is well past the one-year statute of limitations imposed by the AEDPA, and the instant petition will be dismissed as untimely.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Petitioner's petition for writ of habeas corpus is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the

Court concludes that a COA should be denied in this case.

## Conclusion

The Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" (doc. entry no. 7) and **DISMISSES** with prejudice the petition filed in this cause. The Court **DISMISSES** all pending motions. For the reasons set forth in this opinion and order, the Court further **ORDERS** that a certificate of appealability be denied, as Petitioner failed to show his petition timely and to make "a substantial showing of the denial of a federal right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the26th day of November, 2012.

**/s/ Michael P. Mills**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**